Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 JUL -5 PM 1: 42

CLERK OF COURT

BY _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| EMMA REYES GARCIA ) | CASE NO. DM0453-10 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **FINDINGS OF FACTS AND** |
| ) | **CONCLUSIONS OF LAW** |
| ) | **AND ORDER** |
| ARIC CRAIG BORJA GARCIA ) | |
| ) | |
| Defendant. ) | |
| ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III, on December 19th, 2011, for a Bench Trial on Plaintiff's Verified Complaint for Divorce. Both parties appeared with counsel. Having weighed all the evidence the court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Upon consideration of the evidence and after weighing the credibility of the witnesses, this Court finds the following by a preponderance of the evidence:

1. Plaintiff and Defendant are residents of Guam and have resided on Guam for more than 90 days.

2. Plaintiff and Defendant were married on August 4, 1990 in Guam.

3. Plaintiff and Defendant separated on February 22, 2010

4. The parties agree that there are irreconcilable differences and that the marriage should be dissolved.

5. There are no minor children of the marriage.

6. There are no community debts.

7. While married, the parties entered into a lease agreement. The parties paid a security deposit in connection with the lease and $975.00 of that deposit was returned to Plaintiff upon expiration of lease agreement, which occurred after the parties separated.[1]

8. Plaintiff's family purchased various items of furniture and appliances that were placed in the community apartment. The testimony indicated that the furniture was on loan from the family members and that the furniture was later returned to the purchasing family members. Furthermore, although there was testimony regarding the cost of various items, there was no evidence regarding the value of the furniture items at the time of separation.

9. During the marriage the parties purchased a microwave, television set, DVD player, and two computers. The television set broke and neither party now possesses the television. One laptop was a gift to Plaintiff on her birthday. The other laptop was purchased by the parties, but there was no evidence as to the value of the computer at the time of separation. Plaintiff's brother also loaned the parties a desktop computer.

10. Plaintiff bought Defendant a second wedding band as a gift to replace a lost band, and Plaintiff is currently is possession of that wedding band.

11. Plaintiff and Defendant purchased a 1991 Toyota 4x4 truck during the marriage. While Defendant was incarcerated, Plaintiff sold the truck for $5,500.00. Both Plaintiff's and Defendant's names appeared on the ownership

---

[1] Plaintiff's testimony regarding the lease term and when the security deposit was returned to her was not entirely clear. However, Plaintiff indicated that she used the deposit to pay bills from "last year, December." Trial recording 11:28:50. Thus, clearly Plaintiff received the deposit refund after the parties separated on February 22, 2010.

document and thus Defendant's signature was required to validly transfer the truck into another's name. Defendant did not personally sign over the ownership documents. Plaintiff, while perhaps having Defendant's permission to sell the truck, did not possess a power of attorney authorizing her to sign papers on Defendant's behalf. Plaintiff forged Defendant's signature on the ownership document in order to effect the sale of the vehicle.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter pursuant to title 7, section 3105 of the Guam Code.

2. Where a party asserts irreconcilable differences as the basis for a claim for maintenance, the trial court must strive to effect an equal distribution of the community property and debts. 19 G.C.A. § 8411. The burden of proving the value of community property "lies with the party who seeks the division of community property." Navarro v. Navarro, 2000 Guam (citing Baker v. Baker, 98 Cal.App.2d 424, 425, 220 P.2d 576, 577 (Cal. Ct. App. 1950).

3. In this case, Defendant is the party seeking division of various items he alleges are community property and Defendant therefore has the burden to prove the existence and value of any community property. The characterization of each item of alleged community property is as follows:

   a. Security Deposit: The security deposit refund, consisting of $975.00, was a community asset that was returned after the parties separated. At the time of separation, Defendant was entitled to receive one-half of the value of the refund. This Court therefore awards Defendant $487.50 constituting his one-half share in the security deposit.

   b. 1991 Toyota 4x4: The Toyota 4x4 was acquired during the marriage and was community property. The sale of the vehicle for $5,500.00 also occurred during the marriage. However, both parties' signatures were

required to sell the truck. See 19 G.C.A. § 6107(c)(1) ("If both spouses are named in a document evidencing ownership of community personal property then both spouses must join to dispose of or encumber such property.). Regardless of whether Plaintiff obtained Defendant's oral permission to sell the truck, Plaintiff could not dispose of that community asset without Defendant's signature, which Defendant did not provide. Defendant retained his one-half interest in the truck and this Court will award Defendant $2,750.00 as his portion of the sale of the vehicle.

c. Other Vehicles: The evidence relating to other vehicles was vague and insufficient to allow this Court to make any distribution. Defendant's only witness, an employee at Guam Department of Revenue and Taxation, testified about Plaintiff's ownership of various vehicles. Plaintiff testified that she was no longer in possession of any of the described vehicles. There was no evidence establishing the timing of acquisition and dispossession of the vehicles. Even if this Court could find that the vehicles constitute community property subject to division, Defendant failed to present any evidence of value for any of the described vehicles. Therefore, Defendant has not met his burden with respect to these items of personal property.

d. DVD player, microwave, and broken television set: These items were purchased during the marriage and are therefore community property. However, no evidence was offered to establish the current value of any of the items. As Defendant has not met his burden of proving their value, this court cannot attempt a division and therefore assigns them no value.

e. Computers: There were three computers in the marital home: one desktop computer belonged to Plaintiff's brother and is not a

community asset; one laptop was purchased for Plaintiff as a birthday present and constitutes her separate property; another laptop, purchased for $499.00 dollars during the marriage, constitutes community property. Although there was evidence of the purchase price of the community laptop, testimony indicated that the computer does not function and is currently at a repair shop. Defendant had the burden of showing the value of the computer in its state of disrepair. Defendant offered no evidence of the computer's current value and thus failed to meet his burden on this issue. Therefore, this Court cannot attempt to divide this asset and assigns it no value.

    f. Furniture: The testimony established that couches and various other furnishings were purchased by Plaintiff's family, that these items were merely loaned to Plaintiff and Defendant, and that the furniture was returned to Plaintiff's family. This property was not "acquired" by the parties during the marriage and does not constitute community property subject to division.

4. The parties are entitled to their separate property. Plaintiff may retain possession of the laptop that she received as a birthday gift. Defendant is entitled to his wedding band. Aside from the wedding band, there was no evidence that Plaintiff possessed other items constituting Defendant's separate property.

## ORDER

In accordance with the above findings and conclusions the court ORDERS the following:

1. The request for dissolution is GRANTED.

2. Plaintiff will be restored to her maiden name: EMMA NGWAL REYES

3. Plaintiff shall pay Defendant the sum of $3,237.50 representing Defendant's share of the community property.

4. Plaintiff shall return to Defendant the wedding band purchased for Defendant.

5. Plaintiff's counsel shall prepare interlocutory and final decrees of divorce consistent with these findings and conclusions and submit such decrees, with defense counsel's approval as to form, no later than 30 days from entry of this Order.

It is **SO ORDERED** this 5th day of July, 2012.

JUL 0 5 2012       HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JUL 0 5 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

ORIGINAL